UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:26-cv-304-CRS

PEDRO DAVID DIAZ PEREZ                                                    PLAINTIFF

v.

JOSEPH EDLOW,                                                           DEFENDANTS
    *In his official capacity as Director of U.S.*
*Citizenship and Immigration Services, et al*

**OPINION**

The Complaint in this action alleges that the defendants have violated a mandatory duty to adjudicate Plaintiff's application for a green card. That failure, according to Plaintiff, is a violation of the Administrative Procedure Act (APA) and his due process rights. In connection with those claims, Plaintiff simultaneously moved "for a temporary restraining order and preliminary injunction staying removal proceedings" which were pending before an immigration law judge. Motion, DN 3 at PageID# 37. The Court reviewed the parties' written submissions and heard oral arguments on the motion on May 5, 2026. After careful consideration, the Court denied Plaintiff's motion for injunctive relief from the bench, explained its reasons for doing so, and also explained that it would set forth its reasons for denying the motion in a subsequent written opinion. Accordingly, the Court's reasons are set forth herein.

Plaintiff is a 28-year-old native and citizen of Cuba. Complaint, DN 1 at ¶ 1. He arrived at, and was paroled into, the United States in early 2024. *Id*. Pursuant to the Cuban Adjustment Act, Plaintiff filed an I-485 adjustment of status application (a green card application) in April 2025. *Id*. Months later, Plaintiff was arrested in connection with a traffic incident and later released on bail. *Id*. at ¶ 31. Upon his release, ICE detained Plaintiff where he remains in custody in Boone County, Kentucky. *Id*. at ¶ 2.

After Plaintiff filed his green card application, USCIS placed that application on an indefinite hold. *Id*. at ¶ 1. That hold stems from a presidential proclamation declaring individuals from certain countries, including Cuba, to be high risk. *Id*. As a result, Plaintiff filed a habeas corpus action in the Eastern District of Kentucky (Civ. Action. No. 2:26-cv-31-SCM). That action included the same claim Plaintiff has made here: the indefinite hold of his application violates a mandatory duty imposed by the APA which requires defendants to adjudicate his green-card application. Plaintiff moved to amend his habeas action to exclude the identical claims at the same time that he filed this action on April 28, 2026, and sought injunctive relief from this Court. Motion, DN 3.

As noted above, the Court held a hearing on Plaintiff's Motion on May 5, 2026. Following oral argument and having reviewed the parties' briefs, the Court held that it has no jurisdiction to grant Plaintiff's requested injunctive relief.

Congress has limited the federal court's jurisdiction in this matter by providing that

> . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). Plaintiff's pending removal proceedings arise from the Attorney General's discretionary action to "commence proceedings" and "adjudicate cases." *Id*. Accordingly, the Court held that it did not have jurisdiction to stay Plaintiff's removal proceedings.

Even if the Court had the power to grant Plaintiff's motion, injunctive relief would not be warranted. The Supreme Court has made clear that while "removal is a serious burden for many aliens, it is not categorically irreparable." *Nken v. Holder*, 556 U.S. 418, 435 (2009). Moreover, Plaintiff has not demonstrated "certain and immediate" harm that will result from his removal. *Int'l Union of Painters & Allied Trades Dist. Council No. 6 v. Smith*, 148 F.4th 365, 371 (6th Cir. 2025).

If the immigration judge issues an adverse decision, Plaintiff may pursue an appeal to the Immigration Board of Appeals and then to the Sixth Circuit Court of Appeals. These facts militate against a finding of immediate irreparable harm.

Injunctive relief is an extraordinary remedy. In this case, Plaintiff did not demonstrate that he is entitled to such relief from this Court. This Court cannot enjoin the immigration court from proceeding further in Plaintiff's removal case. 8 U.S.C. § 1252(g). Even if it could, Plaintiff did not demonstrate immediate irreparable harm which showing is necessary to the issuance of a temporary restraining order and preliminary injunction. *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019) (absent showing of irreparable harm district court cannot grant injunctive relief). For these reasons, the Court denied Plaintiff's Motion for Emergency Temporary Restraining Order and Preliminary Injunction (DN 3).

May 12, 2026



**Charles R. Simpson III, Senior Judge**
**United States District Court**

Court Reporter: April Dowell
Time In Court: 00/45

3